UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JUSTIN MENDEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO:  3:20-cv-129 |
| | ) |
| PIZZA HUT OF AMERICA, LLC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Justin Mendez  ("Mendez"), by counsel, against Pizza Hut of America, LLC, ("Defendant") for its discriminatory actions against him based on his disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq.  ("ADAA"), based on his gender, male/sexual orientation, national origin, Mexican, in violation of Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. § 2000e et. seq. and for retaliation in violation of Title VII and the ADAA.

**II. PARTIES**

2. Mendez is a United States citizen and, at all times relevant to this action, resided within the Southern District of Indiana.

3. Defendant is a Foreign Limited Liability Corporation that maintains offices and conducts business in the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1343, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117.

5. Mendez is a qualified individual with a disability as that term is defined by the ADAA, 42 U.S.C. § 12102(2)(c), as amended. At all relevant times, Defendant had knowledge of Mendez's disability and/or it regarded Mendez as being disabled and/or Mendez has a record of being disabled.

6. Mendez was an "employee" as defined by 42 U.S.C. § 12111(4).

7. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5)(A).

8. Mendez was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

9. The Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

10. Mendez exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission alleging sex discrimination, disability discrimination and national origin discrimination – EEOC No. 474-2019-01464. Mendez received his Notice of Suit Rights for Charge of Discrimination EEOC No. 474-2019-01464 and timely files this action.

11. Mendez filed a second Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission alleging sex discrimination, disability discrimination, national origin discrimination and retaliation – EEOC No. 470-2020-02432. Mendez has requested his Notice of Suit Rights for Charge of Discrimination EEOC No. 470-2020-02432, but has not yet received the Notice.

12. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this Court is proper.

### IV.  FACTUAL ALLEGATIONS

13. Mendez, who is a homosexual male and of Mexican decent, was hired by the Defendant on or about October 1, 2011.

14. Mendez held the position of Restaurant General Manager upon his termination on or about September 4, 2019.

15. During all relevant time periods, Mendez met or exceeded the Defendant's legitimate and reasonable performance expectations.

16. Mendez has Systemic Lupus that requires weekly steroid injections from his doctor. The Defendant was aware of Mendez's disability as it refused to let him take time off from work to receive his injections and medical treatment for his disability.

17. In addition to being aware of Mendez's disability, Defendant's Management and Mendez's co-workers were aware of his sexual orientation.

18. During his tenure, Mendez was harassed and subjected to different terms and conditions of his employment due to his sexual orientation and/or national origin by his supervisors: Sarah Demko ("Demko"), Crystal Ford ("Ford") and other managers – including Ryland Marks and Isabella [last name unknown].

19. For example, Mendez was referred to as "Pretty Boy," "Gay Mexican," "Mexicans should be in the kitchen, not running the store" and "Fagatron." Moreover, Mendez was subject to inappropriate touching of his body and comments about his body.

20. Mendez engaged in a protected activity and reported the harassment to the Defendant's Human Resources Department and nothing was done.

21. Again, in or around the last week of August 2019, Mendez reported the continued harassment to Demko and nothing was done.

22. Since Demko and the Defendant would not respond to his complaints of harassment, Mendez reported the harassment and the fact it was unwelcome to Ford. The next day, Ford confronted Mendez and stated – "why the fuck are you starting shit here" – referring to

Mendez engaging in a protected activity and reporting the continued harassment. Ford acknowledged that Mendez was being harassed, but dismissed the harassment as part of the "restaurant business."

23. Mendez also called the Defendant's reporting hotline to report the harassment and discrimination; however, he never received a call back.

24. Within about four days of his most recent reports of harassment and discrimination, Mendez was terminated from his employment on or about September 4, 2019.

25. Mendez was informed of his termination by Demko. Mendez was terminated for allegedly making untimely money deposits.

26. First, Mendez presented evidence to Demko that he had made the deposits in a timely manner. Moreover, several similarly-situated employees outside of Mendez's protected class have failed to make timely deposits and have not been terminated. For example, Demko left a deposit in the store overnight, Marks left a deposit in the store safe overnight and Richard Matthews left a deposit in the store for two days.

27. The Defendant also discriminated against Mendez when, after terminating his employment, it failed to pay him 160 hours of his accrued vacation and 40 hours of his accrued Paid Time Off. The Defendant also took back approximately 15,000 shares of stock that were already vested with Mendez.

28. In addition to the harassment and termination, Mendez was passed over for promotion on no less than three occasions – most recently in or about June 2019. The promotions were awarded to persons outside of Mendez's protected classes who were less qualified for the position than Mendez.

29. Mendez was harassed, subjected to different terms and conditions of employment, passed over for promotion and terminated due to his disability and/or gender-sexual orientation and/or National Origin and/or for engaging in an activity protected by the ADAA and/or Title VII.

## V. LEGAL ALLEGATIONS

### COUNT I--ADAA--DISABILITY DISCRIMINATION

30. Mendez hereby incorporates paragraphs one (1) through twenty-nine (29) of his Complaint as if the same were set forth at length herein.

31. Defendant violated Mendez's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by harassing him, passing him over for promotion and terminating his employment based upon his disability.

32. Defendant's actions were intentional, willful, and in reckless disregard of Mendez's rights as protected by the ADAA.

33. Mendez has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II—TITLE VII—NATIONAL ORIGIN DISCRIMINATION

34. Mendez hereby incorporates paragraphs one (1) through thirty-three (33) of his Complaint as if the same were set forth at length herein.

35. Mendez was subjected to a hostile work environment, subjected to different terms and conditions of employment, passed over for promotion, discriminated against and terminated based on his National Origin.

36. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

37. Defendant's conduct was deliberate, willful, and in reckless disregard for Mendez's civil rights.

38. Mendez has suffered damages as a result of Defendant's unlawful conduct.

### COUNT III—TITLE VII—GENDER/SEXUAL ORIENTATION DISCRIMINATION

39. Mendez hereby incorporates paragraphs one (1) through thirty-eight (38) of his Complaint as if the same were set forth at length herein.

40. Mendez was subjected to a hostile work environment, subjected to different terms and conditions of employment, passed over for promotion, discriminated against and terminated based on his gender, male, and sexual orientation.

41. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

42. Defendant's conduct was deliberate, willful, and in reckless disregard for Mendez's civil rights.

43. Mendez has suffered damages as a result of Defendant's unlawful conduct.

### COUNT IV—ADAA RETALIATION

44. Mendez hereby incorporates paragraphs one (1) through forty-three (43) of his Complaint as if the same were set forth at length herein.

45. Defendant violated Mendez' rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. by retaliating against him for engaging in a protected activity.

46. Defendant's actions were intentional, willful, and in reckless disregard of Mendez's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq..

47. Mendez has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT V—TITLE VII RETALIATION

48. Mendez hereby incorporates paragraphs one (1) through forty-seven (47) of his Complaint as if the same were set forth at length herein.

49. Defendant violated Mendez's rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. by retaliating against him for engaging in a protected activity.

50. Defendant's actions were intentional, willful, and in reckless disregard of Mendez' rights as protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq.

51. Mendez has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI.  REQUESTED RELIEF

WHEREFORE, Plaintiff, Justin Mendez, by counsel, respectfully requests this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability, national origin, gender, sexual orientation or for engaging in a protected activity;

2. Reinstate Plaintiff to the position, salary and seniority level he would have enjoyed but for the Defendant's unlawful employment actions, or award him front pay in lieu thereof;

3. Pay Plaintiff's lost wages and benefits – including his accrued but unused Vacation Time, Paid Time Off and Stock Grants;

4. Pay to Plaintiff compensatory, emotional distress, consequential and punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

_s/Kyle F. Biesecker_
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:   (812) 424-1001
Facsimile:   (812) 424-1005
E-Mail:   kfb@bdlegal.com

Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Justin Mendez, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

_s/Kyle F. Biesecker_
Kyle F. Biesecker, Attorney No. 24095-49
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone: (812) 424-1001
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

Attorneys for Plaintiff